**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise McPherson, | No. CV-20-08202-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Denise McPherson's appeal from the Commissioner's denial of her application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits under 42 U.S.C. §§ 401–434, 1381–1383f. (Doc. 1). The appeal is fully briefed. (Docs. 25, 26, 27). The Court now rules.

**I.     BACKGROUND**

Plaintiff was 59 years old at the time of her hearing, completed "some college," and has past relevant work experience as a hospital cleaner, transportation driver, concession worker, and caregiver. (Doc. 25 at 2). Plaintiff argues that the following conditions rendered her disabled: "1. Headache; 2. One Eye: Total Vision Impairment; 3. Primary Open-angle Glaucoma; 4. Plateau iris syndrome; 5. Adhesions and Disruptions of Pupillary Membranes; 6. Acute and Chronic Open-angle Glaucoma; 7. Pain in or Around Eye; 8. Rubeosis Iridis; 9. Phacolytic Glaucoma; 10. Nuclear Sclerosis; 11. Total or Mature Senile Cataract; and 12. Glaucoma Associated with Vascular Disorders of Eye." (Doc. 25 at 2). The Administrative Law Judge ("ALJ") found that Plaintiff has the severe

impairments of "right eye glaucoma and prosthetic left eye." (Administrative Record ("AR") at 16). Plaintiff has not engaged in substantial gainful activity since February 20, 2016, the alleged onset date. (AR at 16).

Plaintiff filed applications for SSDI and SSI benefits on May 23, 2016. (AR at 14). Those applications were denied at the initial stage, (AR at 14), upon reconsideration, (AR at 14.), and by the ALJ after a hearing, (AR at 14–22). The Appeals Council then denied review. (Doc. 25 at 1). Plaintiff then sought review in this Court. (Doc. 1).

### a. The Disability Determination

A claimant must show she "is under a disability" to qualify for disability insurance benefits. 42 U.S.C. § 423(a)(1)(E). The claimant is disabled if she suffers from a medically determinable physical or mental impairment that prevents her from engaging in any "substantial gainful activity." *Id.* § 423(d)(1)–(2). The Social Security Administration has created a five-step process for an ALJ to determine whether the claimant is disabled. 20 C.F.R. § 404.1420(a)(1). Each step can be dispositive. *See id.* § 404.1420(a)(4). "The burden of proof is on the claimant at steps one through four," and the burden shifts to the Commissioner at step five. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

At step one, the ALJ examines whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If not, then the ALJ proceeds to step two. At step two, the ALJ considers whether the claimant has a physical or mental impairment or a combination of impairments that are "severe." *Id.* § 404.1520(a)(4)(ii). If the ALJ finds that there is severe impairment, then the ALJ proceeds to step three to determine whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ must assess the claimant's "residual functional capacity" ("RFC") before proceeding to step four. *Id.* § 404.1520(a)(4). The RFC is the most a claimant "can still do despite [her] limitations." *Id.* § 404.1545(a)(1). At step four, the ALJ determines whether the claimant can still do

"past relevant work" in light of the claimant's RFC. *Id.* § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the final step and examines whether the claimant "can make an adjustment to other work" considering the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If an adjustment can be made, the claimant is not disabled. *Id.*

### b. The ALJ's Decision

The ALJ denied Plaintiff social security benefits because she determined that Plaintiff had "not been under a disability" since the onset date and was "capable of performing past relevant work as a caregiver and hospital cleaner." (AR at 20–21). The ALJ also found that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" such as "linen room attendant (DOT 222.387-030)." (AR at 22). After finding that Plaintiff was not engaged in substantial gainful activity since February 20, 2016 at step one, the ALJ determined, at step two, that Plaintiff had the following severe impairments: "right eye glaucoma and prosthetic left eye." (AR at 17).

At step three, the ALJ concluded that Plaintiff's impairments, singularly or in combination, did not "meet[] or medically equal[] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (AR at 17). Accordingly, the ALJ conducted an RFC analysis and found that Plaintiff could perform "a full range of work at all exertional levels but with [certain] nonexertional limitations." (AR at 17–21).

At step four, the ALJ determined that Plaintiff could perform past relevant work as a caregiver and hospital cleaner, (AR at 21), and that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" such as "linen room attendant (DOT 222.387-030)," (AR at 22). Thus, the ALJ determined that Plaintiff had not been under a disability from February 20, 2016 through the date of the ALJ's decision. (AR at 22).

## II. LEGAL STANDARD

The ALJ's decision to deny disability benefits may be overturned "only when the

ALJ's findings are based on legal error or not supported by substantial evidence in the record." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990)).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler,* 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Id.* (citations omitted); *see Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see Benton*, 331 F.3d at 1035 ("If the evidence can support either outcome, the Commissioner's decision must be upheld.").

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence supports the ALJ's decision, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g). On the other hand, the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted). The Court is not charged with reviewing the evidence and making its own judgment as to whether Plaintiff is or is not disabled. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Rather, the Court's inquiry is constrained to the reasons asserted by the ALJ and the evidence relied upon in support of those reasons. *See id.*

## III. ANALYSIS

Plaintiff contends that there are four potential errors in the ALJ's analysis: (1) the ALJ erred in finding Plaintiff's headaches to be non-severe and did not support her decision with substantial evidence; (2) the ALJ's RFC was not supported by the Vocational Expert's ("VE") opinion; (3) the ALJ abused her discretion in not submitting Plaintiff's proposed interrogatories to Dr. Heller; and (4) the ALJ erred in not fully crediting Plaintiff's symptom testimony. (Doc. 25). The Court addresses each contention in turn.

### a. Severity Determination and Substantial Evidence

Plaintiff asserts that the ALJ erred in finding Plaintiff's headaches to be non-severe and did not support her decision with substantial evidence, going so far as to call the RFC determination "incomprehensible." (Doc. 25 at 5–8). Plaintiff goes on to state, given Plaintiff's medical record and history, "a closed period of disability would seem to be warranted at the very leas [sic]." (*Id.* at 8). The ALJ, on the other hand, stated that Plaintiff's headaches were non-severe, and the RFC was supported by the objective medical record, the medical opinions, and Plaintiff's reported and observed levels of functioning. (AR at 19).

### 1. Legal Standard

At step two, the ALJ conducts a *de minimis* screening of a plaintiff's alleged impairments to dispose of groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "An impairment or combination of impairments is not severe if it does not significantly limit [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). If a plaintiff meets the evidentiary burden under the step two *de minimis* standard, the ALJ must find the impairment to be severe and move to the next step. *Tudor v. Saul*, 484 F. Supp. 3d 717, 726 (N.D. Cal. 2020). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen*, 80 F.3d at 1290 (quoting Social Security Ruling 85-28). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when

[her] conclusion is 'clearly established by medical evidence.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting S.S.R. 85-28).

A court must reverse an ALJ's determination that an impairment is not severe "if objective evidence suggests that Plaintiff's impairments are more than *de minimis*." *Young v. Colvin*, No. CV-16-02264-PHX-DGC, 2017 WL 677167, at *4 (D. Ariz. Feb. 21, 2017) (citing *Webb*, 433 F.3d at 687). Accordingly, "the ALJ's decision would be reversed if evidence in the record clears the *de minimis* threshold, even if the ALJ had substantial evidence for finding that non-severity was 'clearly established.'" *Id.* (citing *Webb*, 433 F.3d at 687); *see Orr v. Astrue*, No. CV-07-361-PHX-DGC, 2008 WL 344528, at *4–5 (D. Ariz. Feb. 7, 2008); *Young v. Astrue*, No. CV-11-538-PHX-SMM, 2012 WL 2135439, at *3 (D. Ariz. June 13, 2012).

**2. Analysis**

Plaintiff argues that the objective evidence does not support the ALJ's determination that Plaintiff's headaches were non-severe. (Doc. 25 at 6–8). In her severity analysis, the ALJ stated that Plaintiff's headaches were "medically managed and under control with medication," and that "[d]espite [Plaintiff's] reports of chronic headaches, these have not required more than OTC analgesics, and they are otherwise nonsevere." (AR at 16). The medical record, however, shows that Plaintiff was prescribed a Toradol injection, Toradol tablets, and Tramadol tablets to treat her headaches. (AR at 322, 331, 341, 346, 352–53, 532). Additionally, while the ALJ stated that Plaintiff's headaches were medically managed and under control, the record shows that from at least March of 2016 to July of 2017 Plaintiff reported issues with headaches to her doctors. (AR at 68, 79–80, 240, 319, 322, 327, 359, 384, 428, 453, 507, 522, 530). The medical record also shows Plaintiff's doctors noted she had a clinical history of headaches as early as March 19, 2016. (AR at 359).

Because the medical record reflects that Plaintiff reported her headaches for over a year and Plaintiff's headaches necessitated more than over-the-counter analgesics, it appears that the ALJ's conclusion that Plaintiff's headaches were non-severe "was based

on an incomplete, and therefore inadequate, discussion of the medical evidence." *Telly v. Saul*, No. 1:19-CV-00456-SKO, 2020 WL 5545274, at *8 (E.D. Cal. Sept. 16, 2020). Contrary to the ALJ's characterization of the medical record, the record as a whole demonstrates that Plaintiff suffered headaches from at least March of 2016 to July of 2017 and Plaintiff was prescribed treatment for her headaches. Such evidence is enough to meet the *de minimis* standard posed at step two and classify Plaintiff's headaches as severe. *See Martinez v. Comm'r of Soc. Sec. Admin.*, No. CV-17-0089-PHX-DMF, 2017 WL 5000332, at *17 (D. Ariz. Nov. 2, 2017) (objective evidence showing that impairments were "greater than a slight abnormality" was enough to satisfy the *de minimis* step-two standard); *Carroll v. Comm'r of Soc. Sec. Admin.*, No. CV-16-03443-PHX-JZB, 2018 WL 1138307, at *11 (D. Ariz. Mar. 2, 2018) (record showing plaintiff presented to doctor with pain and received injections to treat this pain was enough to satisfy the *de minimis* step-two standard).

Even if Plaintiff cannot "ultimately succeed in proving she is disabled," an ALJ errs at step two if her severity determinations are not supported by substantial evidence. *Telly*, 2020 WL 5545274, at *11. Accordingly, the ALJ's severity determination is not supported by substantial evidence and constitutes legal error. *See Achakzai v. Berryhill*, No. 18-CV-07005-JCS, 2020 WL 1450554, at *21 (N.D. Cal. Mar. 25, 2020) (holding that, because the medical evidence met *de minimis* step-two standard, ALJ severity determination was not supported by substantial evidence and constituted "legal error"); *Martinez*, 2017 WL 5000332, at *16 (holding that, because plaintiff's impairments were "more than *de minimis* in degree," the ALJ erred by labeling certain of plaintiff's impairments non-severe).

If an ALJ errs at step two, however, that error is harmless if the ALJ considers the impairment at issue in the RFC analysis. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This is because "[t]he RFC . . . should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). "In fact, in assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* (internal quotations and alterations omitted); *see Michaud v. Saul*, No. 18-CV-02625-

JLS-MDD, 2019 WL 5684411, at *3 (S.D. Cal. Nov. 1, 2019), *report and recommendation adopted*, No. 18-CV-2625 JLS (MDD), 2020 WL 114196 (S.D. Cal. Jan. 10, 2020).

In Plaintiff's RFC, the ALJ mentioned Plaintiff's headaches only three times and did not analyze any limitations Plaintiff may or may not have based on her headaches. (AR at 17 (simply noting Plaintiff "reported headaches associated with her eye impairment"), 19 (noting that Dr. Garrison diagnosed Plaintiff with headaches and determining that the state agency's reviewing physicians "finding that [Plaintiff's] headaches and visual impairments are nonsevere is controverted by the overall record")).[1] Nowhere in the RFC does the ALJ provide any limitations caused by Plaintiff's headaches or state a rationale as to why Plaintiff's headaches pose no limitations. (*See* AR at 16–20). This is despite Plaintiff's history of headaches, prescription treatment for headaches, and multiple medical opinions diagnosing Plaintiff with non-severe headaches. (*See* AR at 432 (Dr. Garrison diagnosed Plaintiff with non-severe headaches), 70, 82 (Drs. Parvese, Barricks, and Keer listed "migraine" as one of Plaintiff's non-severe impairments)).

The Commissioner argues that the ALJ labeling Plaintiff's headaches as non-severe and excluding them from the RFC analysis is harmless error because "the ALJ found Plaintiff's right eye glaucoma to be a severe impairment (AR at 16), which Dr. Sherpa found to be the likely cause of the headaches (AR at 530)." (Doc. 26 at 7). While the RFC analyzes Plaintiff's right eye glaucoma, it does not do so in the context of Plaintiff's headaches. Instead, the RFC analysis of Plaintiff's right eye glaucoma exclusively concerns Plaintiff's vision. (*See* AR at 17–20). Thus, finding Plaintiff's headaches non-severe and excluding them from the RFC analysis constituted reversible error. *See Ruiz v. Saul*, No. CV-18-0292-TUC-BGM, 2019 WL 4594221, at *21 (D. Ariz. Sept. 23, 2019) (holding that ALJ's omission of non-severe impairment from RFC was reversable error); *Longale v.*

---

[1] The Commissioner argues that the ALJ mistakenly stated that she did not accept the finding that Plaintiff's headaches were non-severe, and this mistake is shown by the next sentence in the RFC. (Doc. 26 at 5 n.3). The next sentence of the RFC, however, says nothing about headaches. (AR at 19). Even though the Court agrees with the Commissioner that the ALJ mistakenly stated she did not accept the finding that Plaintiff's headaches were non-severe, this further highlights the dearth of analysis regarding Plaintiff's headaches in the RFC.

*Saul*, No. CV180024TUCDCBBGM, 2019 WL 5088736, at *14 (D. Ariz. Aug. 20, 2019), *report and recommendation adopted sub nom. Longale v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00024-TUC-DCB, 2019 WL 4267746 (D. Ariz. Sept. 10, 2019) (same); *Michaud*, 2019 WL 5684411, at *5 (same).

### b. VE Opinion

Plaintiff next asserts that the ALJ's RFC was not supported by the VE's opinion. (Doc. 25 at 8). Plaintiff supports this assertion by arguing that, when the VE was asked about the jobs a hypothetical claimant could perform with one eye, the VE offered only light jobs which runs directly counter to the RFC's finding that Plaintiff could work at all exertional levels. (*Id.*).

Plaintiff, however, misstates the VE's testimony. When given the hypothetical of a claimant with one eye, the VE suggested that the hypothetical claimant could still perform the jobs of caregiver[2] and linen room attendant which are medium jobs. (AR at 51, 53–55). Thus, Plaintiff has not shown that the RFC was counter to the VE's opinion based on the hypotheticals posed at Plaintiff's hearing. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding that an ALJ did not err in formulating an RFC that relied on VE's testimony which accounted for plaintiff's credible limitations).

### c. Dr. Heller

Plaintiff next argues that the ALJ abused her discretion in proffering Dr. Heller's report while failing to submit Plaintiff's proposed interrogatories to Dr. Heller regarding Plaintiff's vision. (Doc. 25 at 9–11). The Commissioner argues that the ALJ did not need to submit Plaintiff's interrogatories to Dr. Heller because they were unnecessary as the ALJ had "sufficient evidence to make a decision." (Doc. 26 at 10).

"A claimant in a disability hearing is not entitled to unlimited cross-examination, but is entitled to such cross-examination as may be required for a full and true disclosure of the facts." *Aldridge v. Colvin*, No. CV-14-00755-PHX-SPL, 2015 WL 13603772, at *7

---

[2] The VE listed the job of "nurse" but indicated this job was Plaintiff's past work. (AR at 55). As Plaintiff was never a nurse, but was instead a caregiver, the Court finds that the VE intended to say caregiver. Both Plaintiff and the Commissioner agree with this conclusion. (Docs. 25 at 8; 26 at 9).

- 9 -

(D. Ariz. Aug. 4, 2015), *aff'd sub nom. Aldridge v. Berryhill*, 693 F. App'x 657 (9th Cir. 2017) (citing *Copeland v. Bowen*, 861 F.2d 536, 539 (9th Cir. 1988)). An ALJ's denial of cross-examination is subject to review by a district court for abuse of discretion. *Marquez v. Comm'r of Soc. Sec.*, No. CV 13-02239-VBK, 2013 WL 6535368, at *3 (C.D. Cal. Dec. 12, 2013) (citing *Solis v. Schweiker*, 719 F.2d 301 (9th Cir. 1983)). Interrogatories are considered cross-examination and their denial is reviewed for abuse of discretion. *Id.* (citing *Copland*, 861 F.2d at 539). An ALJ does not abuse her discretion in denying interrogatories if the interrogatories are either unnecessary for a "full and true disclosure of the facts," *Mowery v. Comm'r of Soc. Sec. Admin.*, No. CV-13-02325-PHX-ESW, 2015 WL 505661, at *6 (D. Ariz. Feb. 6, 2015) (citing *Solis*, 719 F.2d at 302), or if the ALJ has a "substantial basis" upon which to base her conclusion, *Copeland*, 861 F.2d at 540.

Here, Dr. Heller's opinion was not the sole basis for the ALJ's conclusion regarding Plaintiff's vision. Instead, the ALJ relied on Dr. Heller's opinion, an opinion from Plaintiff's treating ophthalmologist, Dr. Brems, from around the same time, state agency medical consultants' findings, consultive examiners' opinions, the objective medical record, and Plaintiff's reported and observed levels of functioning. (AR at 16–20). Such evidence constitutes a substantial basis upon which to base the ALJ's conclusion regarding Plaintiff's vision. *See Mowery*, 2015 WL 505661, at *8 (holding that different medical opinions constituted substantial evidence, and the ALJ did not abuse his discretion in denying plaintiff's request to submit interrogatories to doctor)

Further, the ALJ found that the interrogatories that Plaintiff wanted submitted to Dr. Heller were "in conflict with evidence from [Plaintiff's] treating source." (AR at 14). Plaintiff argues that these interrogatories "would have shed light" on questions regarding Plaintiff's vision and disability. (Doc. 27 at 8). It is the ALJ's job, however, to consider all medical opinions and determine how much weight to give to each. *Alonzo v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08317-PCT-JZB, 2020 WL 1000024, at *3 (D. Ariz. Mar. 2, 2020). "When the evidence before the ALJ is subject to more than one rational interpretation, [a court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198.

1  This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in
2  evidence, and if the evidence can support either outcome, the court may not substitute its
3  judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (citations omitted).

4  Here, the ALJ determined that the interrogatories were not needed because, after
5  weighing the opinions of Drs. Heller and Brems, the ALJ determined that Plaintiff's
6  interrogatories would not yield new information and conflicted with the other medical
7  evidence. (AR at 14). As such, the ALJ did not abuse her discretion in failing to submit
8  Plaintiff's interrogatories to Dr. Heller. *See Marquez*, 2013 WL 6535368, at *3 (holding
9  that an ALJ did not abuse discretion by failing to submit interrogatories that would not
10 yield new information and conflicted with other medical evidence); *McCluskey v.
11 Barnhart*, No. C-00-04855 VRW, 2002 WL 500809, at *5 (N.D. Cal. Mar. 29, 2002)
12 (holding that an ALJ did not abuse discretion by failing to submit interrogatories that would
13 not yield new information).

### d. Symptom Testimony

Plaintiff's final argument is that the ALJ erred in not fully crediting Plaintiff's symptom testimony without providing clear and convincing evidence for doing so. (Doc. 25 at 11–22). Plaintiff further asserts that the ALJ improperly rejected testimony regarding the severity of her symptoms on the basis that the severity is not consistent with the medical evidence. (*Id.* at 12).

### 1. Legal Standard

The Ninth Circuit has established a two-step analysis for an ALJ to determine whether to credit a Plaintiff's subjective symptom testimony. "First, the ALJ must determine whether the Plaintiff has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). If the Plaintiff presents such evidence, the ALJ then evaluates the Plaintiff's subjective complaints. *See id.* "In evaluating the credibility of pain testimony after a Plaintiff produces objective medical evidence of an

underlying impairment, an ALJ may not reject a Plaintiff's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Instead, an ALJ must provide "specific, clear, and convincing reasons" for doing so. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

**2.    Analysis**

Although the Court agrees that Plaintiff is not required to provide medical evidence of the severity of her symptoms, *see Garrison*, 759 F.3d at 1014–15, objective medical evidence is a useful tool for an ALJ to assess Plaintiff's credibility regarding the intensity and persistence of her symptoms, *see Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (holding that objective medical evidence was appropriately used to assess credibility of plaintiff's symptom testimony); *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001) (holding that medical evidence is "a relevant factor in determining the severity of the claimant's pain and its disabling effects").  The Court does not read the ALJ's "not entirely consistent" statement, (AR at 17), as requiring Plaintiff to fully corroborate her symptom testimony with objective medical evidence. Instead, the ALJ's statement merely notes that the record contains conflicting evidence. The ALJ found this conflicting evidence to be the objective medical evidence, the medical opinions, and Plaintiff's reported and observed levels of functioning. (AR at 19).

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence." (AR at 17). The ALJ went on to discuss the medical evidence she found inconsistent citing records indicating that Plaintiff was able to ambulate normally, had good balance, and could maneuver without difficulty or assistance at exams, (AR at 18, 430, 599–600), that Plaintiff has "fairly normal" vision in her right eye, (AR at 18, 289–359, 367, 369–70, 372, 375, 378, 381–82, 385, 388–89, 393, 395–96, 400, 404–05, 409, 413–14, 419, 422–23, 430, 437–38, 442, 447–48, 451, 458–59, 463–64, 468, 473–74, 478, 482–83, 487, 490–91, 495, 498–99, 503–04, 509–10, 514, 520, 544, 549, 556–57, 563, 569, 575, 581, 584–85,

591–93, 599, 608–09), and that Plaintiff's treatment included eye drops and Avastin injections, (AR at 18, 291–92, 300, 386, 495).

The ALJ additionally found that Plaintiff's testimony was not consistent with the medical opinions. (AR at 18–20). In discussing these inconsistencies, the ALJ noted that Dr. Heller diagnosed Plaintiff with "a healthy and stable right eye with prosthetic left eye" and "no eye condition primarily responsible for [Plaintiff's] impaired vision." (AR at 18–19). The ALJ further noted that Dr. Cunningham found Plaintiff's sight was limited but she was "able to engage in activities involving sitting, standing, walking, lifting, carrying, etc." and reported exam findings that were grossly normal. (AR at 19). The ALJ also noted that Dr. Garrison diagnosed Plaintiff with "good right eye vision—no worse than 20/200" and found that Plaintiff's "impairments would not cause any limitations lasting 12 continuous months." (AR at 19). Finally, the ALJ noted that the state agency reviewing physicians found Plaintiff's visual impairments non-severe. (AR at 19).

The ALJ also found that Plaintiff's testimony was non consistent with her reported and observed levels of functioning. (AR at 18–19). The ALJ noted that Plaintiff testified that she needed a magnifying glass to read, but she did not present to the hearing or consultative examination with a magnifying glass, nor do Plaintiff's treatment records indicate the need for a magnifying glass. (AR at 18). Further, the ALJ found that Plaintiff stated she is able to complete daily activities including meals, hygiene, laundry, housework, watering plants in her yard, and takes walks with family members. (AR at 18, 223–25). The ALJ also noted that Plaintiff "was able to ambulate normally and without difficulty or need for assistance at consultative exams. She also displayed good balance, with the ability to stand on either leg independently, and she was able to maneuver an exam table independently and without difficulty or assistance." (AR at 18, 428–32, 598–600). The ALJ found these levels of functioning in conflict with Plaintiff's claims of significant disability.

Plaintiff argues that the ALJ did not state which of her specific symptoms were found consistent or inconsistent with the medical record, treatment record, and levels of

functioning. (Doc. 25 at 13). The ALJ, however, specifically stated ways in which the evidence conflict with Plaintiff's testimony. For example, the ALJ stated that the evidence was inconsistent with Plaintiff's claim that she needed a magnifying glass to read, that Plaintiff could "walk and function relatively normally," which countered Plaintiff's claim that she could not walk normally and sometimes fell due to her vision problems, and that Plaintiff's "right eye vision is fairly normal" which countered Plaintiff's claim that she had to quit her job because of poor vision. (AR at 17–19). Ultimately, the ALJ provided clear evidence and specific examples of why she found Plaintiff's testimony not credible. *See Lewis v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00765-PHX-MTL, 2021 WL 791467, at *4 (D. Ariz. Mar. 2, 2021) (finding that the ALJ, by citing instances throughout a multi-year period, adequately tied the countervailing medical record to plaintiff's symptom testimony when discounting that testimony).

Plaintiff next argues that the ALJ improperly relied on her own observations of Plaintiff to formulate the RFC, specifically noting the ALJ's reference to Plaintiff not using a magnifying glass at her hearing. (Doc. 25 at 14–15). Assuming Plaintiff is correct that the ALJ cannot rely on her own observations alone, the ALJ in this case did not do so. While the ALJ mentioned that Plaintiff did not appear at the hearing with a magnifying glass, she also noted that Plaintiff did not have a magnifying glass at consultative examinations and Plaintiff's records did not list the use or need for a magnifying glass. (AR at 18). Thus, the ALJ's observation that Plaintiff did not present at her hearing with a magnifying glass is not grounds to overturn the ALJ's findings.

### 3. Conclusion Regarding Symptom Testimony

While the ALJ discounted Plaintiff's symptom testimony, she did so only after finding it was contradicted by the medical record, the medical opinions, and Plaintiff's reported and observed levels of functioning. As such, the Court finds that the ALJ did not err in discounting most of Plaintiff's symptom testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Ghanim v. Colvin*,

763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."); *Singh v. Comm'r of Soc. Sec. Admin.*, No. CV-19-02315-PHX-MTM, 2020 WL 5757620, at *3 (D. Ariz. Sept. 28, 2020) (finding ALJ did not err in discounting plaintiff's allegations of disabling symptoms and limitations because they were inconsistent with her reported activities).

Of course, as stated *infra*, the ALJ did not adequately analyze Plaintiff's headaches in the RFC. *See infra* Section III.a.2. Plaintiff's testimony included statements about her headaches, (*see e.g.*, AR at 37), and the ALJ did not adequately address why these statements were discounted. Thus, while the ALJ did not err in discounting Plaintiff's symptom testimony in other areas, the ALJ did not provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony regarding her headaches.

### e. Remand

Given the errors in the ALJ's decision, Plaintiff argues that it is appropriate for the Court to remand her case for an award of benefits, or in the alternative remand for further proceedings. (Doc. 25 at 24). The Court finds that remanding for further administrative proceedings is appropriate.

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal citations, quotations, and alteration omitted). "Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). Here, despite the ALJ's legal error, the record contains conflicting evidence best resolved by the ALJ; therefore, remand is appropriate.

Plaintiff and the Commissioner disagree about the severity of, and limitations posed by Plaintiff's headaches. (*See* Docs. 25 at 5–8; 26 at 4–8). While the record contains

numerous references to Plaintiff's headaches, these references are often in conflict with each other. For example, Plaintiff's headaches were significant enough that she was prescribed a Toradol injection, Toradol tablets, and Tramadol tablets for treatment, (AR at 322, 331, 341, 346, 352–53, 532), but none of the medical opinions discussed in the RFC found that Plaintiff's headaches would be disabling or cause limitations, (AR at 18–19).

The Court does not take a position regarding the ultimate question of Claimant's disability. However, because the ALJ did not adequately analyze Plaintiff's headaches in the RFC, *see infra* Section III.a.2, there are uncertainties in the record that require resolution by the ALJ. Accordingly, the Court will remand the case for further proceedings.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the decision of the Commissioner of Social Security is **VACATED,** and this case is **REMANDED** for further proceedings consistent with this Order. The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 20th day of August, 2021.

_____
James A. Teilborg
Senior United States District Judge