**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise McPherson, | No. CV-20-08202-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 30). The time for the Government to respond to the motion has run, and no response was filed.

> "A litigant is entitled to attorneys' fees under the EAJA if: '(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable.' *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A)."

*Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020).

Here, as Plaintiff explained in the motion for fees, Plaintiff is the prevailing party. (*See* Doc. 30). Further, the Government did not respond to the motion; thus, the Government failed to rebut Plaintiff's argument that the Government's position was not substantially justified. (*See id.*); *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991) (noting that the burden is on the Government to prove its position was substantially

justified).  The Government also failed to rebut Plaintiff's assertion that no special circumstances would make an award unjust. *See* (Doc. 30 at 2).

Plaintiff seeks $7,626.26 in attorney's fees and $420.40 in costs.  (Doc. 30 at 2). The Court has reviewed both the motion for fees and the itemized fee statement and finds that the fees sought are reasonable for the work performed.  The Government has not opposed this conclusion.

Based on the foregoing,

**IT IS ORDERED** granting the motion (Doc. 30) such that fees and expenses in the amount of $7,626.26 as authorized by 28 U.S.C. § 2412, and costs in the amount of $420.40 as authorized by 28 U.S.C. § 1920 are awarded.

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the check for the fees awarded herein will be made payable to Plaintiff's attorney pursuant to the assignment executed by Plaintiff.  However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated this 22nd day of October, 2021.

James A. Teilborg
Senior United States District Judge